UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HAMED ASADIMOFARAH,

Petitioner,

v.

CHRISTOPHER LAROSE, Senior-Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 3:26-cv-00618-RBM-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is *pro se* Petitioner Hamed Asadimofarah's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

**A.    Factual Background**

Petitioner is a citizen of Iran who entered the United States on May 24, 2025. (Doc. 4 at 2 (citing Doc. 4-2 at 2 [Form I-213].)[1] That same day, Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and taken into Immigration and

---

[1] The Court cites the CM/ECF electronic pagination for filings unless otherwise noted.

1

Customs Enforcement ("ICE") custody pursuant to 8 U.S.C. § 1225(b).  (*Id.* at 2 (citing Doc. 4-2 at 3.)  Petitioner was then issued a Notice to Appear, which initiated removal proceedings against him under § 1229a.  (*Id.* (citing Doc. 4-2 at 6).)

Petitioner had an individual merits hearing before an immigration judge on or about March 13, 2026.  (Doc. 8-1 at 2 [Order of the Immigration Judge].)  The immigration judge ordered Petitioner removed to Iran, denied his application for asylum, and granted his application for withholding of removal.  (*Id.* at 2–4.)  Both Parties reserved appeal, and "have until April 13, 2026, to file an appeal before the Board of Immigration Appeals." (Doc. 8 at 2.)

**B.     Procedural Background**

Petitioner filed his Petition on January 30, 2026.  (Doc. 1.)  The Court set a briefing schedule shortly thereafter.  (Doc. 3.)  On February 12, 2026, Respondents filed their Return to Petition for Writ of Habeas Corpus ("Response").  (Doc. 4.)  Petitioner was authorized to file a reply on or before February 27, 2026, but did not file one.  On March 20, 2026, the Court ordered Respondents to file a supplemental status report regarding the outcome of Petitioner's individual merits hearing.  (Doc. 5 at 3.)  Respondents timely complied and filed the status report on March 30, 2026.  (Doc. 8.)

**II.     <u>LEGAL STANDARD</u>**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

2

3:26-cv-00618-RBM-BJW

## III.   DISCUSSION

It is undisputed that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (*See generally* Doc. 1; Doc. 4 at 5.)  Accordingly, the issue before the Court is whether, under the circumstances of this case, applying the mandatory detention provisions of § 1225(b) violates Petitioner's due process rights.[2]  Petitioner argues that his detention has become unconstitutionally prolonged.  (Doc. 1 at 6–7.)  Respondents argue that Petitioner's "detention is mandated by section 1225(b)(2) until the conclusion of his removal proceedings," and that "even if the Court infers a constitutional right against prolonged mandatory detention, Petitioner's claim still fails."  (Doc. 4 at 1, 8–10.)

The Court finds that an unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process, and that Petitioner's detention has become unreasonably prolonged.

### A.   Due Process

Respondents argue that "inadmissible arriving noncitizens seeking initial entry into the United States . . . have no due process rights 'other than those afforded by statute.'" (Doc. 4 at 7 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)).)

"Following the Supreme Court's decision in *Thuraissigiam*, some district courts have adopted Respondents' reasoning to dismiss or deny habeas petitions in the context of arriving aliens subject to mandatory detention under Section 1225(b)(1)." *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025); *see Mendoza-Linares v. Garland*, Case No.: 21-cv-1169-BEN (AHG), 2024 WL 3316306, at *2 (S.D. Cal. June 10, 2024) ("Petitioner

---

[2]  Respondents also argue that the Court lacks jurisdiction to hear the Petition under 8 U.S.C. § 1252(g). (Doc. 4 at 4–5.)  The Court has consistently rejected this argument, *see Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025), and does so again here for the same reasons.  Petitioner is challenging his detention under the Fifth Amendment's Due Process Clause.  (*See* Doc. 1 at 2, 6–7.)  He is thus enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

3

has no Fifth Amendment right to a bond hearing pending his removal proceedings.”); *St. Charles v. Barr*, 514 F. Supp. 3d 570, 579 (W.D.N.Y. 2021) (same); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 667 (S.D. Tex. 2021) (same).

“Most courts have ruled otherwise.” *Gao*, 805 F. Supp. 3d at 1110 (collecting cases); *accord Abdul-Samed v. Warden of Golden State Annex Det. Facility*, Case No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (“Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for citizens detained under 8 U.S.C. § 1225(b), . . . essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.”); *A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) (“Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever.”).  The Court thus “joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.” *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).

**B.      Prolonged Detention**

As it discussed in its previous Order (Doc. 5 at 2–3), the Court applies a six-factor balancing test to analyze whether detention under § 1225(b) has become unreasonably prolonged.  *See Kydyrali*, 499 F. Supp. 3d at 773.  Under this test, the Court considers:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Gao*, 805 F. Supp. 3d at 1111.

As to the first factor, which has been described as “the most important,” *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019), Petitioner has been detained

for about 10 months.  (*See* Doc. 4 at 2.)  Respondents argue that "Petitioner's detention falls significantly short of the length courts have found to raise due process concerns." (Doc. 4 at 8 (collecting cases finding detention unreasonably prolonged after two to three years).)  As another court in this District noted, though, "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases).  The length of detention thus weighs in Petitioner's favor.

As to the second factor, the Court finds that Petitioner has reason to anticipate significant future detention.  Although Petitioner was granted withholding of removal at his individual merits hearing, he was also ordered removed to Iran, and both Parties reserved appeal.  (Doc. 8-1 at 2–4.)  The "undetermined, but likely significant, period of mandatory detention through the appeals process" weighs in favor of Petitioner.  *Gao*, 805 F. Supp. 3d at 1111; *accord Guatam v. Corr. Corp. of Am.*, Case No.: 3:25-cv-3600-JES-DEB, 2026 WL 25846, at  *5 (S.D. Cal. Jan. 5, 2026) ("a removal order may not become final until after the appeals [the Parties] could file, to both the Board of Immigration Appeals and Ninth Circuit"); *Masood v. Barr*, Case No. 19-cv-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) ("The BIA appeal . . . [is a] perfectly legitimate proceeding[] he is legally entitled to pursue," and the respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved," which "could lead to further proceedings that might take up many more months, or even years.").  The duration of future detention weighs in Petitioner's favor.

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted).  Petitioner is detained at Otay Mesa Detention Center, the conditions of which other courts have found "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773 (citation omitted).  The conditions of confinement weigh in Petitioner's favor.

The fourth and fifth factors are neutral, as there is nothing in the record to suggest that either Party caused delay in the removal proceedings.

As to the sixth factor, the Court considers "whether the noncitizen has asserted any defenses to removal." *Banda*, 385 F. Supp. 3d at 1120 (citations omitted). "[W]here a noncitizen has asserted a good faith challenge to removal, the categorical nature of the detention will become increasingly unreasonable." *Id.* (internal quotation marks and citation omitted). Here, the immigration judge denied Petitioner's application for asylum, but granted him withholding of removal. (Doc. 8-1 at 2–4.) Therefore, this factor weighs slightly in Petitioner's favor.

Four of the factors, including "the most important one," weigh in Petitioner's favor, and none weigh against him. Therefore, the Court finds that Petitioner's detention under § 1225(b) has become unreasonably prolonged and that due process requires that he be provided with a bond hearing.

### IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **fourteen (14) days** of entry of this Order to determine whether his continued detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence,[3] that Petitioner poses a danger to the community or a risk of flight. If no hearing occurs **within fourteen (14) days** of entry of this Order, Petitioner shall be released from Respondents' custody. On or before **April 24, 2026**, Respondents **SHALL FILE** a status

---

[3] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

3:26-cv-00618-RBM-BJW

report indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

**IT IS SO ORDERED.**

DATE:  April 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-00618-RBM-BJW